C. W. MEEK, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

MASTER AND SERVANT: Work and Labor: Evidence. Evidence relating to the work and labor of the plaintiff for the defendant is reviewed and held insufficient to support a finding for plaintiff, since the witness's only knowledge of the amount of the work was derived from going over a book in an alleged time-keeper's possession, and there is no testimony as to the value of the alleged services.

Appeal from Vernon Circuit Court.—*Hon. J. B. Johnson*, Special Judge.

REVERSED.

*Scott & Bowker* for appellant.

(1) A book or record is the best evidence of what it contains, and parol evidence of its contents is not

admissible in the absence of any showing of inability to produce it. (2) Declarations of an agent to bind a principal must be made at the very time he is doing an act he is authorized to do, and must be concerning the act he is then doing. Delvin v. Railway, 87 Mo. 545; McDermit v. Railroad, 87 Mo. 285; Rogers v. McCune, 19 Mo. 557; Helm v. Railroad, 98 Mo. App. 419. (3) Agency cannot be proved by the mere acts and declarations of the one assuming to act in that capacity. Helm v. Railroad, 98 Mo. App. 419; Mitchem v. Dunlap, 98 Mo. App. 418; Oil Co. v. Zinc Co., 98 Mo. App. 324. (4) Until agency is proven otherwise, declarations of one assuming to be an agent are not admissible to prove it. Carson v. Cummings, 69 Mo. 325.

*Chas. E. Gilbert* for respondent.

(1) For the purpose of a demurrer, plaintiff's narrative must be taken as absolutely true and he must be given the benefit of every reasonable inference deducible therefrom. Baird v. Railway, 146 Mo. 281; O'Mara v. Transit Co., 102 Mo. App. 210; Story v. Transit Co., 108 Mo. App. 424; Pauck v. Beef and Provision Co., 159 Mo. 467. (2) Agency is a fact to be proved in the same manner that any other fact is proved. Atkinson v. Elmore, 103 Mo. App. 403. (3) Proof that one is found at the place of business of another, transacting business for him, is sufficient prima facie to establish the agency of the former. Nicholson v. Golden, 27 Mo. App. 132; Ingalls v. Averitt, 34 Mo. App. 371. (4) Where there is proof *aliunde* of the agency, the agent's acts and declarations are competent, as part of the *res gestae*, to prove the nature and extent of his authority. Summers v. Saunders, 51 Mo. App. 89; Peck v. Ritchey, 66 Mo. App. 114. (5) Statements of the agent touching the subject-matter of his agency are admissible against his principal, as part of the *res gestae*, if made while the transaction is pending. Meade

v. Railway, 68 Mo. App. 92; Adams v. Railway, 74 Mo.
App. 553; Bergman v. Railway, 104 Mo. App. 77; Larson v. Railway, 110 Mo. App. 234. (6) Parol admissions against interest are competent as original evidence to prove any fact which may lawfully be established by parol evidence, even though such fact may be evidenced elsewhere by writing. Greenleaf on Evidence (14 Ed.), sec. 203, p. 264; Bank v. Crandall, 87 Mo. App. 208.

ELLISON, J.—This is a suit on an account for work and labor alleged to have been performed by plaintiff for defendant as a brakeman on one of its trains. It was begun before a justice of the peace and on appeal to the circuit court of Vernon county judgment was given for the plaintiff. The plaintiff was not present at the trial and his attorney did not know where he was. The only evidence in his behalf was that given by the attorney. The defendant asked an instruction in the nature of a demurrer to the evidence which the court refused and defendant thereupon refused to offer evidence and judgment was rendered for the plaintiff.

The evidence of the attorney showed that he had no personal knowledge of anything connected with the performance of the labor, or of anything being due to the plaintiff. His entire testimony consisted of what he learned from a man in defendant's office in Nevada, Missouri. The work sued for was performed in August, 1905. The trial was the 20th of October, 1906. The knowledge which the witness has of the work and the amount due therefor appears in the following: "Q. How do you know he worked for the railroad company in August, 1905? A. I checked it over with the timekeeper of the Missouri Pacific. Q. Who was the timekeeper? A. I have forgotten his name now, but he was in the Missouri Pacific office here in Nevada. Q. What is his name? A. I think his name was Miller. He was assistant timekeeper. Q. This timekeeper

that you claim that you went down and run over his book, did you learn from the timekeeper's book, or client's account?  A.  Timckeeper's book."

The witness being the attorney for plaintiff, was engaged in giving testimony, in controversy with opposing counsel and in running argument with the court, so that it is difficult from the record to distinguish between these three capacities in all that was said.  After the case was closed defendant recalled him for another question in cross-examination.  One question was asked him (the last one above quoted) which elicited that he got his information from the timekeeper's book.  Defendant then objected to his testimony on the ground that the book was the best evidence.  Then there is added from plaintiff's attorney this statement:  "Well, I got my information, and information upon which my testimony is based, from the admission of the timekeeper of the Missouri Pacific, who was keeping the books at that time."  There was no evidence of the timekeeper's duties.  If we assume from the designation "timekeeper" that he kept the time employees served, there is nothing to show what was to be paid for the service, or that the timekeeper had any authority or knowledge as to compensation.  And we cannot take judicial notice that he had.  So if we allow that the last statement quoted from plaintiff's counsel was in his capacity as a witness, yet it all falls short of making a case.

It would not be at all within reason to allow the judgment to stand.  Passing by all question of sufficient proof of this unknown timekeeper being defendant's agent, and accepting plaintiff's contention that he was shown prima facie to be the agent by inference arising from his being in the defendant's office, yet there is nothing to establish that the work was done or that it was worth the amount for which judgment was rendered.  The witness knew that plaintiff did the work

because he "checked it over with the timekeeper." And he learned what he knew from the "timekeeper's book." That is the entire evidence bearing on the indebtedness. There was no effort to have the book produced, and the witness states that what he learned was by going over it.

In plaintiff's effort here to sustain the judgment he refers to some of the affirmative statements made by the witness, but these were all candidly explained by the further statement as to what his direct evidence was based upon. After an examination of the reasons urged in plaintiff's brief and argument in support of the sufficiency of the evidence, we are satisfied the judgment ought not to be sustained, and it is accordingly reversed. All concur. ·